UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JEANMARIE CONLON             JURY TRIAL DEMANDED

v.             CASE NO. 3:05CV

ALLIED INTERSTATE, INC.

## COMPLAINT

1. This is an action for actual, statutory and punitive damages, injunctive relief, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; or the Consumer Collection Agency Act, Conn. Gen. Stat. § 36a-800 and regulations issued thereunder, the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42 110a, and common law.

2. This Court has jurisdiction. 15 U.S.C. §1692k and 28 U.S.C. §1331 and §1367.

3. Plaintiff is an individual who resides in Connecticut.

4. Plaintiff is a consumer within the meaning of the FCRA.

5. Defendant is licensed as a Consumer Collection Agency by the Banking Department of the State of Connecticut.

6. Defendant engaged in misleading, deceptive or unfair collection efforts concerning plaintiff's disputed personal account allegedly owing to Marin.

7. Defendant's first letter, dated January 18, postmarked January 19, was forwarded to plaintiff's new address on January 31, 2005.

8. The first letter overshadowed or contradicted the 30 day dispute right set forth therein by claiming "that this is a just and legitimate debt" and by making an offer of settlement for a reduced amount that expired well before the 30 day dispute right.

9. On February 15, 2005, plaintiff's counsel notified Jennifer Lee, who has a responsibility for managing litigation for defendant, that the consumer was represented by counsel, disputed the debt, and requested verification.

10. Defendant sent a second letter on the Marin account dated February 21, 2005 and postmarked February 23, 2005. The letter announced, "[W]e will evaluate your credit history and present financial circumstance, and then proceed with an appropriate collection program." It also asserted, "Please be advised that your failure to respond to this letter will leave us with no alternative but to use the resources of this agency to explore all means of recovering the outstanding amount due to our client."

11. On March 5, 2005, Plaintiff's counsel notified Jennifer Lee that a second letter had been sent, and included a copy of the February 15, 2005 communication.

12. Defendant send a third letter on the Marin account dated March 21 and postmarked March 23, 2005. It falsely claimed, "We have initiated numerous communications urging you to resolve your indebtedness." Defendant also announced that "Your account is now scheduled to be returned to your creditor who may pursue one or more of the following: Update National Credit Bureaus that this account remains delinquent. Withdraw all prior settlement offers, if tendered, and demand payment in full. Secure advice of counsel regarding appropriate steps to be taken to enforce payment."

First Count

13. In the course of its collection, defendant violated §1692c, -e, -f, or –g.

Second Count.

14. The allegations of the First Count are repeated and realleged as if fully set forth herein.

15. Within three years prior to the date of this action Defendant engaged in acts and practices as to plaintiff in violation of the Creditors' Collection Practices Act, C.G.S. §36a 645 et seq., or the Consumer Collection Agency Act, C.G.S. § 36a 800 et seq.

16. Defendant has thereby committed unfair or deceptive acts or practices within the meaning of the Unfair Trade Practices Act, Conn. Gen. Stat. § 42 110a et seq.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, both compensatory and punitive;

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

3. Award such other and further relief as law or equity may provide, including injunctive relief.

THE PLAINTIFF

BY____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net